**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4105**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHAVON V. COLLINS, a/k/a Bang,

             Defendant - Appellant.

---

**No. 14-4106**

---

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

SHAVON V. COLLINS, a/k/a Bang,

             Defendant - Appellant.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Charleston.   David A. Faber, Senior District Judge. (2:12-cr-00102-1; 2:07-cr-00198-1)

---

Submitted:  July 10, 2014          Decided:  July 16, 2014

---

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————————

Brian J. Kornbrath, Acting Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant.  R. Booth Goodwin II, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Shavon V. Collins appeals his 84-month prison sentence after pleading guilty to possession of a firearm and ammunition subsequent to a felony conviction, and his consecutive 24-month prison sentence imposed by the district court in its judgment revoking his supervised release on a prior felony conviction. On appeal, he contends that both sentences are unreasonable. We affirm.

We review a criminal sentence for reasonableness using an abuse of discretion standard. United States v. McManus, 734 F.3d 315, 317 (4th Cir. 2013) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). We first consider whether the district court committed a significant procedural error, such as improperly calculating the Guidelines range or inadequately explaining the sentence imposed. United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir.), cert. denied, 133 S. Ct. 2747 (2013). If the sentence is procedurally reasonable, we then consider whether it is substantively reasonable, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court must first correctly calculate the defendant's Guidelines range. Allmendinger, 706

3

F.3d at 340.  The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a) (2012).  Id. When imposing a sentence, the court must make and place on the record an individualized assessment based on the particular facts of the case.  United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009).  While a court must consider the statutory factors and explain its sentence, it need not explicitly reference § 3553(a) or discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). The court "should set forth enough to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  Rita v. United States, 551 U.S. 338, 356 (2007).

We will affirm a sentence imposed after revocation of supervised release if it is within the statutory maximum and not plainly unreasonable.  United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006).  We first consider whether the sentence is procedurally or substantively unreasonable.  Id. at 438.  In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences.  United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007).  Only if we find

4

the sentence unreasonable must we decide whether it is plainly so. Id. at 657; see also United States v. Bennett, 698 F.3d 194, 200 (4th Cir. 2012) (if sentence unreasonable under Gall, 552 U.S. 38, then we decide whether it is plainly so). While a district court must explain its sentence, the court "need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." United States v. Webb, 738 F.3d 638, 640 (4th Cir. 2013). In exercising such discretion the court "is guided by the Chapter Seven policy statements in the federal Guidelines manual, as well as the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e)." Id. at 641. "Chapter Seven instructs that, in fashioning a revocation sentence, 'the court should sanction primarily the defendant's breach of trust, while taking into account, to a limited degree, the seriousness of the underlying violation and the criminal history of the violator.'" Id. (quoting U.S. Sentencing Guidelines Manual ch. 7, pt. A(3)(b) (2012)). It also instructs that a revocation sentence "shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct

5

that is the basis of the revocation." USSG § 7B1.3(g). We presume that a sentence within the Chapter Seven policy statement range is reasonable. Webb, 738 F.3d at 642.

We have reviewed the record and conclude that both sentences are reasonable. On appeal, Collins contends that his 84-month prison sentence is greater than necessary to comply with the purposes of § 3553(a), and it gives insufficient weight to his cooperation with the Government. He further contends his consecutive 24-month prison sentence on revocation of his prior supervised release is unduly punitive and plainly unreasonable in light of the purposes of supervised release. We disagree.

While Collins was on supervised release for his prior felony conviction, he shot a man three times, and the man sustained permanent or life-threatening bodily injury. Collins also committed other violations of his supervised release. He was convicted in state court of malicious wounding, and he was sentenced to two to ten years in prison. On the federal firearm conviction, the probation officer determined that his Guidelines range was 110 to 120 months. The district court sustained Collins's objection to application of the attempted murder cross-reference pursuant to U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K2.1(c) (2013), and determined that his Guidelines range was 70 to 87 months. The court imposed the 84-month sentence to run concurrently with the state sentence and

6

recommended that he receive credit for time served on that sentence. The court explained its sentence was sufficient but not greater than necessary to comply with the purposes of § 3553(a), and specifically to punish Collins for his serious offense and behavior, to instill within him and the public proper respect for the law, and to provide for a proper period of incapacitation from his further crimes. While Collins argued for a sentence of 70 months or lower, the court rejected that request and selected 84 months in view of his "significant criminal history and the nature of that criminal history and the fact that it's extended over a long period of time"; but the court did sentence him "slightly below the top of the Guidelines in an effort to give him some credit for his cooperation." We conclude that the district court did not abuse its discretion.

On the revocation of supervised release, the district court determined that Collins's Chapter Seven policy statement range was 18 to 24 months, and his statutory maximum was three years. The court explained its consecutive 24-month sentence was "an appropriate sanction to the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant, including his lengthy criminal history and the number and seriousness of the violations of supervised release"; and it was necessary to provide adequate deterrence "to similar conduct by others and to

7

protect the public from further crimes of the defendant."  We conclude that the revocation sentence is reasonable.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED